**Fill in this information to identify the case:**

Debtor 1  Lauren F. Solosky

Debtor 2  Nicholas D. Solosky
(Spouse, if filing)

United States Bankruptcy Court for the: Western District of PA

Case number  17-22757 CMB

# Form 4100R

# Response to Notice of Final Cure Payment    10/15

According to Bankruptcy Rule 3002.1(g), the creditor responds to the trustee's notice of final cure payment.

## Part 1: Mortgage Information

**Name of Creditor:** WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF QUERCUS MORTGAGE INVESTMENT TRUST

**Court claim no. (if known):** 19-1

**Last 4 digits** of any number you use to identify the debtor's account:  1788

**Property address:**
500 Stanford Avenue
Pittsburgh, PA 15229

## Part 2: Prepetition Default Payments

Check one:

[X] Creditor agrees that the debtor(s) have paid in full the amount required to cure the prepetition default on the creditor's claim.

[ ] Creditor disagrees that the debtor(s) have paid in full the amount required to cure the prepetition default on the creditor's claim. Creditor asserts that the total prepetition amount remaining unpaid as of the date of this response is:  $ _____

## Part 3: Postpetition Mortgage Payment

Check one:

[X] Creditor states that the debtor(s) are current with all postpetition payments consistent with § 1322(b)(5) of the Bankruptcy Code, including all fees, charges, expenses, escrow, and costs.

The next postpetition payment from the debtor(s) is due on:  05 / 01 / 2023

[ ] Creditor states that the debtor(s) are not current on all postpetition payments consistent with § 1322(b)(5) of the Bankruptcy Code, including all fees, charges, expenses, escrow, and costs.

Creditor asserts that the total amount remaining unpaid as of the date of this response is:
a. Total postpetition ongoing payments due:                                      (a)   $ _____
b. Total fees, charges, expenses, escrow, and costs outstanding:            + (b)   $ _____
c. **Total.** Add lines a and b.                                                         (c)   $ _____

Creditor asserts that the debtor(s) are contractually obligated for the postpetition payment(s) that first became due on:

| Debtor(s) | Lauren F. Solosky and Nicholas D. Solosky | Case Number *(if known)*: 17-22757 CMB |
|---|---|---|
| | First Name  Middle Name  Last Name | |

## Part 4: Itemized Payment History

If the creditor disagrees in Part 2 that the prepetition arrearage has been paid in full or states in Part 3 that the debtor(s) are not current with all postpetition payments, including all fees, charges, expenses, escrow, and costs, the creditor must attach an itemized payment history disclosing the following amounts from the date of the bankruptcy filing through the date of this response:
- all payments received;
- all fees, costs, escrow, and expenses assessed to the mortgage; and
- all amounts the creditor contends remain unpaid.

## Part 5: Sign Here

The person completing this response must sign it. The response must be filed as a supplement to the creditor's proof of claim.

*Check the appropriate box::*

☐ I am the creditor.
☒ I am the creditor's authorized agent.

**I declare under penalty of perjury that the information provided in this response is true and correct to the best of my knowledge, information, and reasonable belief.**

Sign and print your name and your title, if any, and state your address and telephone number if different from the notice address listed on the proof of claim to which this response applies.

×/s/ Brian C. Nicholas (Atty ID: 317240)     Date    04/25/2023
Brian Nicholas
25 Apr 2023, 18:02:22, EDT

KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 16106
215-627-1322
bkgroup@kmllawgroup.com
Attorney for Creditor

Document ID: 9c01fb5cbf5839adfec32849387268dc13349314600cc910d771b991d1eaa8aa

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: Nicholas D. Solosky** <br> **Lauren F. Solosky fka Lauren F. Lewandowski** <br>                                  **Debtor(s)** <br><br> **WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF QUERCUS MORTGAGE INVESTMENT TRUST** <br>                                  **Movant** <br>            **vs.** <br><br> **Nicholas D. Solosky** <br> **Lauren F. Solosky fka Lauren F. Lewandowski** <br>                                  **Debtor(s)** <br><br> **Ronda J. Winnecour**, <br>                                  **Trustee** | **BK NO. 17-22757 CMB** <br><br> **Chapter 13** <br><br> **Related to Claim No. 19-1** |

**CERTIFICATE OF SERVICE
RESPONSE TO NOTICE OF FINAL CURE MORTGAGE PAYMENT**

I, Brian C. Nicholas of KML Law Group, P.C., certify that I am, and at all times hereinafter mentioned was, more than 18 years of age and that on <u>April 27, 2023</u>, I served the above captioned pleading, filed in the proceeding on the parties at the addresses shown below:

<u>Debtor(s)</u>
Nicholas D. Solosky
500 Stanford Avenue
Pittsburgh, PA 15229

Lauren F. Solosky fka Lauren F. Lewandowski
500 Stanford Avenue
Pittsburgh, PA 15229

<u>Attorney for Debtor(s) (via ECF)</u>
Russell A. Burdelski, Esq.
The Law Offices of Russell A. Burdelski
1020 Perry Highway
Pittsburgh, PA 15237

<u>Trustee (via ECF)</u>
Ronda J. Winnecour
Suite 3250, USX Tower
600 Grant Street
Pittsburgh, PA 15219

Method of Service: electronic means or first-class mail

Dated: <u>April 27, 2023</u>

                                                         */s/ Brian C. Nicholas*
                                                         Brian C. Nicholas Esquire
                                                         Attorney I.D. 317240
                                                         KML Law Group, P.C.
                                                         BNY Mellon Independence Center
                                                         701 Market Street, Suite 5000
                                                         Philadelphia, PA 19106
                                                         201-549-5366
                                                         bnicholas@kmllawgroup.com